# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES HOWINGTON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0932**  (BOR Appeal No. 2045518)
(Claim No. 2010108310)

**PLATEAU MEDICAL CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Howington, by John H. Shumate, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Plateau Medical Center, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 27, 2011, in which the Board affirmed a January 20, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 19, 2009, denial of coverage for Mr. Howington's allergic reaction to the cleaning agents used at Plateau Medical Center. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Howington was employed in the housekeeping and security department of Plateau Medical Center on September 25, 2009, when he developed an allergic reaction causing swelling in his face, arms and neck. The reaction also caused difficulty in breathing. Mr. Howington claimed that the reaction was caused by the chemicals used to clean the hospital floors but he had similar allergic reactions to chemicals outside of work. The claims administrator denied his claim on November 19, 2009, because the injury was not work-related, leading to this appeal.

1

The claims administrator is not required to compensate an employee for an "ordinary disease of life to which the general public is exposed outside of employment" unless it meets six requirements set out in West Virginia Code § 23-4-1(f) (2008). The Office of Judges found by a preponderance of the evidence that Mr. Howington did not have a compensable occupational disease because his allergic reaction was an ordinary disease and he failed to show that his condition met the six elements for an occupational disease set forth in West Virginia Code § 23-4-1(f). The Office of Judges based its determination of the opinion of Dr. Zaldivar, who found that Mr. Howington's allergic reaction to chemicals frequently occurred outside of work.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 27, 2011. It was not clearly wrong.

We agree with the findings of the Office of Judges. The frequency of Mr. Howington's allergic reaction outside of work weighs in favor of finding that Mr. Howington's condition was an ordinary disease of life and not an occupational disease.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 14, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin

2